IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] | ) | Case No. 22-90323 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | (Docket No. 16) |

**FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) OF THE BANKRUPTCY CODE, AND (II) GRANTING ADEQUATE PROTECTION FOR THE USE OF CASH COLLATERAL**

CAME ON for consideration, the Debtors' *Emergency Motion for (I) Interim Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c), (II) Granting Adequate Protection for the Use of Cash Collateral and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral* [Doc. No. 16] (the "Motion"), which was heard on a final basis on January 9, 2023 (the "Hearing"). Having considered the Motion and considering the evidence, arguments, and agreements of counsel, the Court hereby finds cause to grant the requested relief, and finds and concludes the following:

A. On October 4, 2022 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and such cases are now jointly-administered in the above-styled case (this "Case"). The Debtors are currently operating their businesses and managing theirs properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the time of the entry of this Final Order, no Official Committee of Unsecured Creditors (the "Committee") has been appointed.

B. This Court has jurisdiction over this Case and the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The notice given by the Debtors of the Motion and the Hearing constitutes due and sufficient notice thereof, complies with Rules 2002 and 4001(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Local Rules of this Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtors Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

D. Debtors are each respectively a single asset real estate entity as that term is defined in 11 U.S.C. § 101(51)(B) and 11 U.S.C. § 362(d)(3).

E. The Debtors and DLP Capital Servicing LLC, as servicer for lender DLP Lending Fund, LLC, DLP Housing Loans, LLC, DLP Income & Growth Fund LLC, and its related entities (collectively, "DLP Capital" or "Lender") admit, stipulate, acknowledge, and agree that:

(1) Lender and the Debtors entered into certain agreements prior to the Petition Date, including but not limited to: the parties' relevant Notes, Loan and Security Agreements, and Deeds of Trust, Assignment of Leases and Rents, Fixture Filing and Security Agreements, which are more specifically listed as Exhibits 18 - 25 in DLP Capital's *Amended Witness and Exhibit List* [Doc. No. 47] (collectively, the "Loan Agreements").[2]

(2) As of September 30, 2022, the principal amount of the Debtors' indebtedness to DLP Capital under the Loan Agreements is at least **$35,177,110.00**[3] (the "Pre-Petition Indebtedness"). DLP Capital asserts that the Pre-Petition Indebtedness also includes accrued but unpaid interest and certain fees, costs and all other amounts (including attorneys' and other professional fees that are chargeable to the Debtors) due and owing under the Loan Agreements.

(3) The Pre-Petition Indebtedness constitutes a legal, valid and binding obligation of the Debtors that is enforceable in accordance with the terms of the Loan Agreements and applicable law. No portion of the Pre-Petition Indebtedness, or any pre-Petition Date payments made to DLP Capital that were applied to the obligations owing under the Loan Agreements are subject to avoidance, subordination, recharacterization, recovery, offset, counterclaim, defense or any type Claim (as defined in the Bankruptcy Code) pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

(4) Pursuant to the Loan Agreements, the Debtors pledged and assigned to DLP Capital certain continuing valid and first-priority liens and security interests in and to all right, title and interest of the Debtors in and to, without limitation: (i) the Mortgaged Property, with the power of sale and right of entry, subject only to the Permitted Encumbrances (as such capitalized terms are defined therein); (ii) Personalty, Fixtures, Leases, and Rents under Article Nine of the Uniform Commercial Code in effect in the state where the Mortgaged Property is located (as such capitalized terms are defined therein); and (iii) a security interest in and to all of Debtors' respective right, title, and interest in, to, and under the Personalty, Fixtures, Leases, Rents, and Mortgaged Property (to the extent characterized as personal property) to secure the full and timely payment of the Indebtedness and the full and timely performance and discharge of the Obligations (as such capitalized terms are defined therein) (hereinafter, the "Pre-Petition Liens").

(5) DLP Capital's Cash Collateral (as defined in sections 363(a) and/or 552 of the Bankruptcy Code) is comprised of all cash and cash equivalents of the Debtors' bankruptcy estates,

---

[2] The Loan Agreements include, without limitation, any other related documents and instruments required to be executed by the respective Debtor and/or any guarantor in connection with the respective Loan, as may be applicable.
[3] This Final Order shall not prejudice the Debtors as to their ability to object to any proof(s) of claim filed by DLP Capital in excess of the Pre-Petition Indebtedness.

whether in the form of cash, negotiable instruments, documents of title, securities, deposit accounts, tariffs, governmental refunds, or in any other form which represents income, proceeds, products, rents, or profits of the Pre-Petition Collateral, wherever located, that is now in the possession, custody, or control of the Debtor, or in which the Debtors will obtain an interest during the pendency of this Case (collectively, "DLP Capital's Cash Collateral").

F. The Debtors require the use of DLP Capital's Pre-Petition Collateral and Cash Collateral in order to: (i) maintain the value of their bankruptcy estates; and (ii) fund their respective ordinary business operations. DLP Capital has agreed and consented to the Debtors' use of the Pre-Petition Collateral, including Cash Collateral, subject to the terms and conditions provided for herein and Budget (as hereinafter defined) attached hereto, through the Termination Date. DLP Capital does not consent to the Debtors' use of the Pre-Petition Collateral and Cash Collateral except in strict accordance with the terms and conditions contained in this Final Order, and as specifically set forth in the Budget.

G. Pursuant to the Bankruptcy Code, the Debtors are required to provide adequate protection to DLP Capital for the Debtors' use of the Pre-Petition Collateral and Cash Collateral.

H. The terms and conditions set forth in this Final Order are necessary and appropriate to grant adequate protection to DLP Capital for the Debtors' use of the Pre-Petition Collateral and Cash Collateral as provided herein.

I. Good, adequate, and sufficient cause has been shown to justify the granting of the relief requested herein. The Debtors' use of Cash Collateral is necessary to preserve Debtors' bankruptcy estates, and will avoid immediate and irreparable harm to the respective Debtors, and their respective estates, assets, and creditors.

## ORDER

Accordingly, it is therefore **ORDERED** that:

1. The Motion is hereby granted on a final basis in accordance with the terms of this order (hereinafter, the "Final Order"). Any objections to the Motion with respect to the entry of this Final Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

2. The Debtors shall be permitted to use Cash Collateral, solely to pay the expenses described in the expenditures contained in the budget attached hereto as **Exhibit 1** (as such budget may be amended, modified, or supplemented in accordance with this Final Order, the "Budget"). The Debtors shall not, without prior written consent of the DLP Capital, use Cash Collateral with respect to any month in the Budget in an amount in excess of the aggregate amount budgeted for that month, provided, that there shall be a permitted variance of 15% per line item in the Budget for any amounts listed in the Budget for a particular month, and an overall budget variance of no more than 10% in the aggregate per month (hereinafter, the "Permitted Variance"). Any amounts listed in the Budget that are unused in any month may not be carried over and used by the Debtors in any subsequent month and any unused amounts in any line item may not be utilized for any

other line item within the current Budget month. The Debtors agree to withdraw their *Application for Entry of an Order Authorizing the Retention and Employment of Jeremy Bran as Real Estate Consultant and Asset Manager* [Docket No. 110], and shall be prohibited from refiling the Bran Application until DLP Capital's Claim against the Debtors is refinanced, or otherwise paid in full.

3. Notwithstanding any other provision of this Final Order, in the event that the Debtors possesses any cash or cash equivalents during the pendency of this Case that are not subject to the Pre-Petition Liens and/or the Replacement Liens (as hereinafter defined), such cash or cash equivalents shall be used and expended (or deemed to have been used or expended) by the Debtors prior to the use of any Cash Collateral.

4. Debtors are each respectively a single asset real estate entity as that term is defined in 11 U.S.C. § 101(51)(B) and 11 U.S.C. § 362(d)(3).

5. DLP Capital is entitled to, pursuant to sections 361, 362, and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral on account of the diminution in value of the Cash Collateral, if any, from and after the Petition Date in accordance with section 506(a) of the Bankruptcy Code arising from the imposition and enforcement of the automatic stay and the Debtors' use or disposition of the Cash Collateral (each diminution, a "Diminution in Value").

6. DLP Capital is hereby granted the following adequate protection (the "Adequate Protection") effective upon the date of this Final Order and without the necessary of the execution or filing by the Debtors or DLP Capital:

   a. *Replacement Liens*: To the extent of Diminution of Value, if any, of their respective interests in the Cash Collateral, and subject to the Carve-Out (defined in paragraph 10 of this Final Order), DLP Capital shall have valid, binding, enforceable, and automatically perfected replacement security interests in, and liens (the "Replacement Liens") upon and in: (i) all of the Debtors' right, title and interest in, to, and under all of Debtors' property and assets of each Debtors and Debtors' respective estates, of any kind, whether real or personal, tangible or intangible, wherever located, now owned or hereinafter acquired or arising, to the extent that such property and assets would constitute Lender's collateral under the Loan Agreements for that Debtor; and (ii) all rents, proceeds, cash, and Cash Collateral of the Debtors, any investment of such cash and cash collateral, inventory, accounts receivable, any right to payment whether arising before or after the Petition Date and the proceeds thereof, any right to payment whether arising before or after the Petition Date, and the proceeds, products, rents and profits of all of the foregoing (collectively, the "Adequate Protection Collateral");

   b. *Adequate Protection Superpriority Claims*. To the extent of Diminution of Value, if any, of their respective interests in the Cash Collateral, and subject to the Carve-Out (defined in paragraph 10 of this Final Order), DLP Capital is hereby granted, in addition to claims under section 503(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against each Debtor and its respective estate pursuant to the

fullest extent provided for in section 507(b) of the Bankruptcy Code (collectively, the "Adequate Protection Superpriority Claims");and

c.  *Adequate Protection Payments.*  As partial adequate protection in accordance with Section 363(e) of the Bankruptcy Code, the Debtors shall pay DLP Capital, on a monthly basis, the amounts set forth in the Budget and described as "Interest Expense – DLP" and "Interest Expense – DLP (additional)" (the "Adequate Protection Payments").  Adequate Protection Payments to DLP Capital will be made on or before the 13th day of each month.

7. The priority of any postpetition replacement liens granted to DLP Capital hereunder shall be the same as existed of the Petition Date.

8. The Replacement Liens and security interests are deemed perfected without the need for any action normally required under state law to perfect such liens and interests. The Replacement Liens: (i) are subordinate only to any prior existing and validly perfected pre-petition liens and security interest in such assets that are senior to the Pre-Petition Liens; and (ii) shall attach in the same order of priority that existed as to the Pre-Petition Collateral under applicable non-bankruptcy law as of the Petition Date.

9. The Replacement Liens shall not be subject to any lien that is avoided and preserved for the benefit of the Debtors' estate under Section 551 of the Bankruptcy Code. Additionally, the Replacement Liens will not attach to any avoidance actions under Chapter 5 of the Bankruptcy Code or any proceeds therefrom. Notwithstanding the foregoing, nothing herein shall prevent DLP Capital from asserting its Adequate Protection Superpriority Claim (as hereinafter defined) against the proceeds from the liquidation of Chapter 5 causes of action that belong to the Debtors' estates.

10. The term "Carve-Out" shall mean quarterly fees required to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court.  All liens and claims of the DLP Capital, regardless of their nature or priority, shall be subject to the Carve-Out.

11. As to the Debtors' respective property taxes, each Debtors shall deposit their monthly property tax amount (as provided for in **Exhibit 1)** into an escrow account maintained by the Lender no later than the 13th day of each month. The Lender will, upon request, provide monthly reports on said escrow account to the Debtors and United States Trustee.  The Lender will also ensure that the property taxes for each Debtors that come due post-petition are timely paid to the extent funds are available in the escrow account, and will provide a seven (7) day notice to Debtors' counsel before paying said property taxes.

12. **Limitations on the Use of Cash Collateral.** DLP Capital's Cash Collateral shall not be used, unless it is specifically authorized by an Order of this Court, to: (i) prosecute any proceeding to challenge or otherwise contest the Pre-Petition Liens in favor of DLP Capital, which secure the Prepetition Indebtedness; (ii) prevent, hinder or delay DLP Capital's exercise of its rights and remedies following the occurrence of a Termination Event (as hereinafter defined); or (iii) assert, commence or prosecute any claims or causes of action against DLP Capital including, without limitation, any actions under Chapter 5 of the Bankruptcy Code.

13. **Termination of Authority to Use Cash Collateral.** Unless further extended by written agreement of the Debtors and DLP Capital, the Debtors' right to use Cash Collateral shall expire on the earliest to occur of (the "Termination Date"): (i) 11:59 p.m. CDT on April 3, 2023, or (ii) the occurrence of a Termination Event (as hereinafter defined) that is not otherwise waived in writing by DLP Capital.

14. The Debtors shall execute and deliver to DLP Capital, if applicable, all such agreements, financing statements, instruments and other documents as DLP Capital may reasonably request to evidence, confirm, validate or perfect the liens granted herein.

15. The authorization to use Cash Collateral granted by this Final Order is on a Debtor-by-Debtors basis only. No Debtors may borrow or use Cash Collateral generated by or from another Debtor, or by any other estate property without express authority from this Court granted in a separate order.

16. Nothing in this Final Order shall be construed to govern how the payments made pursuant to this section of this Final Order shall be applied. The parties reserve the right to enter into a subsequent agreement as to the application of said payments, or to request that the Court determine how such payment are to be applied.

17. The automatic stay under Section 362(a) of the Bankruptcy Code shall be and is hereby modified to the extent necessary to permit DLP Capital to retrieve, collect, and apply payments and proceeds with respect to the Pre-Petition Collateral, the Collateral, and DLP Capital's Cash Collateral in accordance with the terms and provisions of this Final Order.

18. **No Subordination.** The Replacement Liens and the Adequate Protection Superpriority Claims granted to DLP Capital pursuant to this Final Order shall not be subject nor subordinate to professional fees and expenses of the attorneys, financial advisors and other professionals retained by the Debtors, or any other party-in-interest appearing in this Case unless otherwise ordered by the Court.

19. **Non-consent of Surcharge.** Except as otherwise provided for herein, DLP Capital does not consent to any charge against any portion of its Pre-petition Collateral, Collateral, Cash Collateral, the Replacement Liens, or the Adequate Protection Superpriority Claims for any costs or expenses that have been incurred, or that may be incurred during the pendency of this Case, to preserve or dispose of any Pre-Petition Collateral or the Collateral under Section 506(c) of the Bankruptcy Code. To the extent that any such charge or surcharge is made or requested by the Debtor, it shall be the Debtors' burden of proof to establish the entitlement of the payment of its claim.

20. **Access to the Collateral.** The Debtors shall provide DLP Capital, and any professionals retained by DLP Capital, with reasonable access, on at least 5 calendar days' notice, during normal business hours to: (i) the Pre-Petition Collateral and/or the Collateral; (ii) any and all books, records, engineering reports, documents and information relevant to the Pre-Petition Collateral and/or the Collateral, or the Debtors' business operations in Debtors' files and/or

possession; and (iii) any other information or reports regarding the Debtors or this Case that DLP Capital may from time to time reasonably request. The Debtors' obligation to provide DLP Capital with the access provided for in this paragraph of this Final Order is hereby deemed to be a material term of this Final Order.

21. **Obligation to Maintain Insurance.** DLP has forced placed insurance on all for the Debtors' properties; therefore, Debtors agree to reimburse DLP Capital for all related costs as specifically set forth in the Budget.

22. **Reservation of Rights.** The entry of this Final Order shall not prejudice or limit: (i) the rights of DLP Capital or any other party in interest to seek additional relief with respect to Debtors' use of Cash Collateral, or for additional adequate protection; or (ii) any party from seeking or obtaining the appointment of a chapter 11 Trustee, an order converting this Case to a Chapter 7, or any other relief that such party may be entitled to under applicable bankruptcy, state or federal law.

23. **Consequences of the Final Order.** DLP Capital shall not have liability to any third party nor shall it be deemed to be in control of the operations of Debtors or to be acting as a "controlling person," "responsible person," or "owner or operator" with respect to the operation or management of the Debtors or the Debtors' business (as such terms, or any similar terms, are used in the Internal Revenue Code, the United States Comprehensive, Environmental Response, Compensation and Liability Act as amended, or any similar Federal or state statute), or owe any fiduciary duty to the Debtor, their creditors or their bankruptcy estates. Moreover, DLP Capital's relationship with the Debtors shall not constitute nor be deemed to constitute a joint venture or partnership with the Debtor.

24. **Investigation Period.** The Investigation Period set forth in Paragraph 7 of the Interim Cash Collateral Order dated October 31, 2022 [Docket No. 44] has expired; as a result: (i) any and all pre-Petition Date payments on the Pre-Petition Indebtedness are deemed final and indefeasible, not subject to subordination and otherwise unavoidable, and not subject to defense, counterclaim, or offset of any kind; (ii) the Pre-Petition Liens on the Pre-Petition Collateral shall be deemed legal, valid, binding, perfected, and otherwise unavoidable; and (iii) the amount of the Pre-Petition Indebtedness, the validity of the Loan Agreements, and the legality, validity or perfection of the Pre-Petition Liens on the Pre-Petition Collateral are no longer subject to challenge.

25. **No Payments on Pre-Petition Debts.** Except as set forth in this Final Order, the Debtors are prohibited from paying any indebtedness or transferring property of the Estate to vendors, contractors, customers, or other persons whose debt may have been incurred prior to the Petition Date, except upon separate order of the Court and in conformity with the Budget.

**Termination Events.** The following shall constitute "Termination Events" under this Final Order, and Debtors shall immediately cease using Cash Collateral upon: (i) the occurrence of a Termination Event; (ii) Notice of such Termination Event is provided to the Debtors' counsel (notice by email is deemed sufficient); and (iii) the Debtors fail to cure such Termination Event within three (3) calendar dates of Notice being provided to the Debtors' counsel:

- The Debtors violates any material term of this Final Order, and such violation is not cured within ten (10) calendar days after electronic mail notice to counsel for the Debtors;

- The Debtors' actual expenditures exceed the amounts set forth in the line items to the Budget by more than the Permitted Variance, and DLP Capital: (i) did not previously consent in writing to such variation from the Budget; (ii) does not subsequently waive such unauthorized use of Cash Collateral, or (iii) Debtors does not seek Court authority;

- The entry of an order: (i) converting this Case to a case under Chapter 7 of the Bankruptcy Code; (ii) dismissing this Case; (iii) appointing a trustee under Chapter 7 or Chapter 11 of the Bankruptcy Code, or appointing an examiner with expanded powers (powers beyond those set forth in Sections 1106(a)(3) and (4) of the Bankruptcy Code) in this Case; (iv) reversing or vacating, this Final Order; or (v) granting relief from the automatic stay to any creditor (other than DLP Capital) holding or asserting a lien on the Pre-Petition Collateral;

- Ten (10) calendar days following the entry of an order invalidating, subordinating, or otherwise sustaining any challenge to the Pre-Petition Liens, the Replacement Liens, or the Adequate Protection Superpriority Claims granted to DLP Capital hereunder;

- Three (3) business days following the filing of any motion in this Case by the Debtors without DLP Capital's prior written consent: (i) to obtain financing under Section 364 of the Bankruptcy Code from any person or entity other than DLP Capital, which attempts to grant a lien or security interest that has priority over DLP Capital's security interests or liens in its Pre-petition Collateral, Collateral, Cash Collateral, Replacement Liens, or Adequate Protection Superpriority Claims, unless such financing satisfies DLP Capital's Pre-Petition Indebtedness in full; or (ii) to recover from any portion of the Pre-Petition Collateral any costs or expenses of preserving or disposing of the Pre-Petition Collateral under Section 506(c) of the Bankruptcy Code.

26. **Notice under this Final Order:** Any notice, objection, report, or other document required to be given under this Final Order shall be made, and shall be deemed given upon its transmission, *via* email as follows:

- Debtors: to Susan Tran at stran@ts-llp.com;

- DLP Capital: to Lloyd A. Lim and Rachel T. Kubanda at Lloyd.Lim@KeanMiller.com and Rachel.Kubanda@KeanMiller.com;

- U.S. Trustee: to Alicia Lenae Barcomb and Stephen Douglas Statham at and stephen.statham@usdoj.gov, with the Office of The United States Trustee, 515 Rusk Street, Suite 351, Houston, TX 77002.

27. **No Waiver.** DLP Capital's failure to seek relief or otherwise exercise its rights and remedies under this Final Order shall not constitute a waiver of any of its rights hereunder.

28. **Survival of Adequate Protection Granted by This Final Order.** Unless and until all of the Debtors' indebtedness to DLP Capital has been indefeasibly repaid in full, and in cash, the protections afforded to DLP Capital under this Final Order, and any actions taken pursuant hereto shall survive the entry of an order dismissing this Case or converting the Case to a case under Chapter 7 of the Bankruptcy Code, and the Replacement Liens and the Adequate Protection Superpriority Claims granted herein shall continue in these proceedings and in any successor cases. Moreover, the Replacement Liens and the Adequate Protection Superpriority Claims shall maintain their priority as provided by this Final Order.

29. **Immediate Effect.** This Final Order shall take effect immediately on execution hereof, notwithstanding the possible application of Bankruptcy Rules 6004(g), 7062, or 9014.

30. The Debtors file all outstanding monthly operating reports no later than January 21, 2023. Debtors shall timely file all monthly operating reports during the pendency of these cases.

31. Nothing in this Final Order effects the rights of an official committee (if any) and all rights of an official committee (if any) are hereby preserved.

Signed:  January 10, 2023.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Agreed by as to form and substance:**

                              **TRAN SINGH LLP**

                              */s/Susan Tran Adams*
Susan Tran Adams (SBN: 24075648)
Brendon Singh (SBN: 24075646)
2502 La Branch Street
Houston, Texas 77004
Telephone: (832) 975-7300
Facsimile: (832) 975-7301

*Counsel for the Debtors and Debtors in Possession*

**-and-**

**KEAN MILLER LLP**

*/s/Lloyd A. Lim*
Rachel Thompson Kubanda (SBN: 24093258)
Lloyd Andrew Lim (SBN: 24056871)
James Eric Lockridge (SBN:24013053)
711 Louisiana Street, Suite 1800
Houston, Texas 77002

*Attorneys for DLP Capital LLC, as servicer for DLP Lending Fund, LLC, DLP Housing Loans, LLC, DLP Income & Growth Fund, LLC*

-and-

**KEVIN M. EPSTEIN, UNITED STATES TRUSTEE**

*/s/Alicia L. Barcomb*
Alicia L. Barcomb, Trial Attorney (SBN: 24106276)
515 Rusk, Suite 3516
Houston, Texas 77002
Tel: (713) 718-4650, ext. 239
Fax: (713) 718-4670

**Interim Budget (DLP)**
**Jan-23**

| Debtor - Account Name | 1423 Kipling | 1717 Norfolk | 2008 Colquitt | MMM | 3412 Graustark | 3414 Graustark | 400 Westmoreland | 4321 Mt Vernon | MMM2 | Totals: |
|---|---|---|---|---|---|---|---|---|---|---|
| Units | $ 8.00 | $ 20.00 | $ 8.00 | $ 64.00 | $ 8.00 | $ 8.00 | $ 16.00 | $ 16.00 | $ 67.00 | |
| **Operating Income & Expense** | | | | | | | | | | |
|   INCOME | | | | | | | | | | |
|     RENTAL INCOME | | | | | | | | | | |
|       Rental Income | $ 10,755.00 | $ 10,780.00 | $ 12,349.00 | $ 59,090.00 | $ 12,120.00 | $ 12,110.00 | $ 18,733.00 | $ 21,260.00 | $ 50,135.00 | $ 207,332.00 |
|       Less Vacancy- | $ (860.40) | $ (862.40) | $ (987.92) | $ (4,727.20) | $ (969.60) | $ (968.80) | $ (1,498.64) | $ (1,700.80) | $ (4,010.80) | $ (16,586.56) |
|       Utility Reimbursement | $ 428.00 | $ 549.12 | $ 436.00 | $ 1,867.00 | $ 480.00 | $ 480.00 | $ 780.00 | $ 960.00 | $ 1,602.00 | $ 7,582.12 |
|   **Total Operating Income** | $ 10,322.60 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 11,630.40 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 198,327.56 |
|   EXPENSES | | | | | | | | | | |
|     Repairs & Maintenance | | | | | | | | | | |
|       Materials/Supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 450.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 600.00 | $ 2,100.00 |
|       Plumbing Service Calls | $ - | $ - | $ - | $ 465.00 | $ - | $ - | $ - | $ - | $ 1,200.00 | $ 1,665.00 |
|       Building Repair | $ 100.00 | $ 100.00 | $ 100.00 | $ 300.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 400.00 | $ 1,400.00 |
|       Pool Maintenance | $ - | $ - | $ - | $ 438.42 | $ - | $ - | $ - | $ - | $ 454.66 | $ 893.08 |
|       Landscaping | $ 152.00 | $ 324.00 | $ 173.00 | $ 671.00 | $ 86.50 | $ 86.50 | $ 173.00 | $ 173.00 | $ 844.00 | $ 2,683.00 |
|       Pest Control | $ 210.73 | $ 210.73 | $ 210.73 | $ 783.00 | $ 210.73 | $ 210.73 | $ 210.73 | $ 232.36 | $ 994.50 | $ 3,274.24 |
|       Appliance Repair | | | | $ 255.76 | | | $ 1,570.00 | $ 355.06 | | $ 2,180.82 |
|       Make Ready | $ 250.00 | $ - | $ 500.00 | $ 1,500.00 | $ - | $ - | $ 250.00 | $ 500.00 | $ 750.00 | $ 2,000.00 |
|     **Total Repairs & Maintenance** | $ 862.73 | $ 784.73 | $ 1,133.73 | $ 4,863.18 | $ 547.23 | $ 2,117.23 | $ 1,238.79 | $ 1,155.36 | $ 5,243.16 | $ 16,196.14 |
|     Operating Expenses | | | | | | | | | | |
|       Water | $ 214.10 | $ 939.07 | $ 186.00 | $ 2,231.87 | $ 248.00 | $ 276.00 | $ 382.00 | $ 434.00 | $ 2,649.28 | $ 7,560.32 |
|       Electricity | $ 51.92 | $ 918.00 | $ 101.00 | $ 1,167.57 | $ 216.07 | $ 117.87 | $ 142.13 | $ 190.00 | $ 1,366.40 | $ 4,270.96 |
|       Gas | $ 85.07 | $ 152.07 | $ 153.12 | $ 405.25 | $ 93.24 | $ 80.90 | $ 280.19 | $ 118.72 | $ 782.69 | $ 2,151.25 |
|       Trash Disposal | $ 96.82 | $ 231.47 | $ 96.82 | $ 478.11 | $ 193.64 | $ 145.98 | $ 164.15 | $ 164.15 | $ - | $ 1,571.14 |
|       Appliance Rental/Fees | $ 95.35 | $ 470.88 | $ - | $ - | $ - | $ 578.06 | $ 578.06 | $ 1,127.57 | $ - | $ 2,849.92 |
|       Agent Commissions | $ - | $ - | $ 500.00 | $ 500.00 | $ - | $ 250.00 | $ 500.00 | $ - | $ 250.00 | $ 2,000.00 |
|       Advertising | $ 126.84 | $ 126.84 | $ 176.84 | $ 430.52 | $ 126.84 | $ 126.84 | $ 176.84 | $ 176.84 | $ 557.36 | $ 2,025.76 |
|       Leasing Software/Licenses/Fees | $ 174.14 | $ 174.14 | $ 174.14 | $ 522.42 | $ 174.14 | $ 174.14 | $ 174.14 | $ 174.14 | $ 696.56 | $ 2,437.96 |
|       Management Fees | $ 537.75 | $ 539.00 | $ 617.45 | $ 2,954.50 | $ 606.00 | $ 605.50 | $ 936.65 | $ 1,063.00 | $ 2,506.75 | $ 10,366.60 |
|       Payroll | $ 1,531.84 | $ 3,829.61 | $ 1,531.84 | $ 12,254.76 | $ 1,531.84 | $ 1,531.84 | $ 3,063.69 | $ 3,063.69 | $ 12,829.20 | $ 41,168.33 |
|       Maintenance Fees | $ 352.00 | $ 880.00 | $ 352.00 | $ 2,816.00 | $ 352.00 | $ 352.00 | $ 704.00 | $ 704.00 | $ 2,948.00 | $ 9,460.00 |
|       Property Taxes | $ 891.87 | $ - | $ 1,211.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,103.28 |
|       Insurance | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 590.10 | $ 590.10 | $ 1,180.19 | $ 1,180.19 | $ 7,197.05 | $ 15,458.39 |
|       Contingency | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 5,500.00 |
|       Interest Expense- DLP | $ 3,500.00 | $ 3,500.00 | $ 7,000.00 | $ 25,000.00 | $ 7,000.00 | $ 3,500.00 | $ 7,000.00 | $ 7,000.00 | $ 25,000.00 | $ 88,500.00 |
|       Interest Expense- DLP (additional) | $ 372.09 | $ 930.23 | $ 372.09 | $ 2,976.74 | $ 372.09 | $ 372.09 | $ 744.19 | $ 744.19 | $ 3,116.28 | $ 10,000.00 |
|     **Total Operating Expenses** | $ 9,709.99 | $ 14,371.50 | $ 14,152.91 | $ 53,917.93 | $ 12,582.03 | $ 9,201.33 | $ 17,075.74 | $ 15,512.92 | $ 60,899.57 | $ 207,423.91 |
|   **Total EXPENSES** | $ 10,572.72 | $ 15,156.23 | $ 15,286.64 | $ 58,781.11 | $ 13,129.26 | $ 11,318.56 | $ 18,314.53 | $ 16,668.28 | $ 66,142.73 | $ 223,620.05 |
| **Total Income** | $ 10,322.60 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 11,630.40 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 198,327.56 |
| **Total Expense** | $ 10,572.72 | $ 15,156.23 | $ 15,286.64 | $ 58,781.11 | $ 13,129.26 | $ 11,318.56 | $ 18,314.53 | $ 16,668.28 | $ 66,142.73 | $ 223,620.05 |
| **Net Operating Income** | $ (250.12) | $ (4,689.51) | $ (3,489.56) | $ (2,551.31) | $ (1,498.86) | $ 302.64 | $ (300.17) | $ 3,850.92 | $ (18,416.53) | $ (25,292.49) |
| **For Reference Only:** | | | | | | | | | | |
| **Non-Default Interest-Only Payment Amt:** | $ 8,433.40 | $ 23,455.39 | $ 10,278.21 | $ 77,825.00 | $ 18,711.61 | [no separate loan] $ | $ 18,711.61 | $ 18,306.56 | $ 77,825.00 | $ 253,546.78 |

**Interim Budget (DLP)**
**Feb-23**

| Debtor - Account Name | 1423 Kipling | 1717 Norfolk | 2008 Colquitt | MMM | 3412 Graustark | 3414 Graustark | 400 Westmoreland | 4321 Mt Vernon | MMM2 | Totals: |
|---|---|---|---|---|---|---|---|---|---|---|
| Units | 8 | 20 | 8 | 64 | 8 | 8 | 16 | 16 | 67 | |
| **Operating Income & Expense** | | | | | | | | | | |
| INCOME | | | | | | | | | | |
| RENTAL INCOME | | | | | | | | | | |
| Rental Income | $ 8,095.00 | $ 10,780.00 | $ 12,349.00 | $ 59,090.00 | $ 10,470.00 | $ 12,110.00 | $ 18,733.00 | $ 21,260.00 | $ 50,135.00 | $ 203,022.00 |
| Less Vacancy- | $ (647.60) | $ (862.40) | $ (987.92) | $ (4,727.20) | $ (837.60) | $ (968.80) | $ (1,498.64) | $ (1,700.80) | $ (4,010.80) | $ (16,241.76) |
| Utility Reimbursement | $ 428.00 | $ 549.12 | $ 436.00 | $ 1,867.00 | $ 431.50 | $ 480.00 | $ 780.00 | $ 960.00 | $ 1,602.00 | $ 7,533.62 |
| **Total Operating Income** | $ 7,875.40 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 10,063.90 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 194,313.86 |
| EXPENSES | | | | | | | | | | |
| Repairs & Maintenance | | | | | | | | | | |
| Materials/Supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 450.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 600.00 | $ 2,100.00 |
| Plumbing Service Calls | $ - | $ - | $ - | $ 465.00 | $ - | $ - | $ - | $ - | $ 1,200.00 | $ 1,665.00 |
| Building Repair | $ 100.00 | $ 100.00 | $ 100.00 | $ 300.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 400.00 | $ 1,400.00 |
| Pool Maintenance | $ - | $ - | $ - | $ 438.42 | $ - | $ - | $ - | $ - | $ 454.66 | $ 893.08 |
| Landscaping | $ 152.00 | $ 324.00 | $ 173.00 | $ 671.00 | $ 86.50 | $ 86.50 | $ 173.00 | $ 173.00 | $ 844.00 | $ 2,683.00 |
| Pest Control | $ 210.73 | $ 210.73 | $ 210.73 | $ 783.00 | $ 210.73 | $ 210.73 | $ 210.73 | $ 232.36 | $ 994.50 | $ 3,274.24 |
| Make Ready | $ 500.00 | $ - | $ - | $ 500.00 | $ 250.00 | $ - | $ - | $ - | $ 750.00 | $ 2,000.00 |
| **Total Repairs & Maintenance** | $ 1,112.73 | $ 784.73 | $ 633.73 | $ 3,607.42 | $ 797.23 | $ 547.23 | $ 633.73 | $ 655.36 | $ 5,243.16 | $ 14,015.32 |
| Operating Expenses | | | | | | | | | | |
| Water | $ 214.10 | $ 939.07 | $ 186.00 | $ 2,231.87 | $ 248.00 | $ 276.00 | $ 382.00 | $ 434.00 | $ 2,649.28 | $ 7,560.32 |
| Electricity | $ 51.92 | $ 918.00 | $ 101.00 | $ 1,167.57 | $ 216.07 | $ 117.87 | $ 142.13 | $ 190.00 | $ 1,366.40 | $ 4,270.96 |
| Gas | $ 85.07 | $ 152.07 | $ 153.12 | $ 405.25 | $ 93.24 | $ 80.90 | $ 280.19 | $ 118.72 | $ 782.69 | $ 2,151.25 |
| Trash Disposal | $ 96.82 | $ 231.47 | $ 96.82 | $ 478.11 | $ 193.64 | $ 145.98 | $ 164.15 | $ 164.15 | $ - | $ 1,571.14 |
| Appliance Rental/Fees | $ 95.35 | $ 470.88 | $ - | $ - | $ - | $ 578.06 | $ 578.06 | $ 1,127.57 | $ - | $ 2,849.92 |
| Agent Commissions | $ - | $ - | $ 500.00 | $ 500.00 | $ - | $ 250.00 | $ 500.00 | $ - | $ 250.00 | $ 2,000.00 |
| Advertising | $ 99.41 | $ 49.41 | $ 49.41 | $ 198.23 | $ 99.41 | $ 49.41 | $ 49.41 | $ 49.41 | $ 247.64 | $ 891.74 |
| Leasing Software/Licenses/Fees | $ 174.14 | $ 174.14 | $ 174.14 | $ 522.42 | $ 174.14 | $ 174.14 | $ 174.14 | $ 174.14 | $ 696.56 | $ 2,437.96 |
| Management Fees | $ 404.75 | $ 539.00 | $ 617.45 | $ 2,954.50 | $ 523.50 | $ 605.50 | $ 936.65 | $ 1,063.00 | $ 2,506.75 | $ 10,151.10 |
| Payroll | $ 1,531.84 | $ 3,829.61 | $ 1,531.84 | $ 12,254.76 | $ 1,531.84 | $ 1,531.84 | $ 3,063.69 | $ 3,063.69 | $ 12,829.20 | $ 41,168.33 |
| Maintenance Fees | $ 352.00 | $ 880.00 | $ 352.00 | $ 2,816.00 | $ 352.00 | $ 352.00 | $ 704.00 | $ 704.00 | $ 2,948.00 | $ 9,460.00 |
| Property Taxes | $ 891.87 | $ - | $ 1,211.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,103.28 |
| Insurance | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 590.10 | $ 590.10 | $ 1,180.19 | $ 1,180.19 | $ 7,197.05 | $ 15,458.39 |
| Contingency | $ 500.00 | $ 500.00 | $ 500.00 | $ 2,500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 7,000.00 |
| Interest Expense- DLP | $ 3,500.00 | $ 3,500.00 | $ 7,000.00 | $ 25,000.00 | $ 7,000.00 | $ 3,500.00 | $ 7,000.00 | $ 7,000.00 | $ 25,000.00 | $ 88,500.00 |
| Interest Expense- DLP (additional) | $ 372.09 | $ 930.23 | $ 372.09 | $ 2,976.74 | $ 372.09 | $ 372.09 | $ 744.19 | $ 744.19 | $ 3,116.28 | $ 10,000.00 |
| **Total Operating Expenses** | $ 9,549.56 | $ 14,294.07 | $ 14,025.48 | $ 55,185.64 | $ 12,472.10 | $ 9,123.90 | $ 16,948.31 | $ 15,385.49 | $ 60,589.85 | $ 207,574.39 |
| **Total EXPENSES** | $ 10,662.29 | $ 15,078.80 | $ 14,659.21 | $ 58,793.06 | $ 13,269.33 | $ 9,671.13 | $ 17,582.04 | $ 16,040.85 | $ 65,833.01 | $ 221,589.71 |
| | | | | | | | | | | |
| **Total Income** | $ 7,875.40 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 10,063.90 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 194,313.86 |
| **Total Expense** | $ 10,662.29 | $ 15,078.80 | $ 14,659.21 | $ 58,793.06 | $ 13,269.33 | $ 9,671.13 | $ 17,582.04 | $ 16,040.85 | $ 65,833.01 | $ 221,589.71 |
| | | | | | | | | | | |
| **Net Operating Income** | $ (2,786.89) | $ (4,612.08) | $ (2,862.13) | $ (2,563.26) | $ (3,205.43) | $ 1,950.07 | $ 432.32 | $ 4,478.35 | $ (18,106.81) | $ (27,275.85) |
| | | | | | | | | | | |
| **For Reference Only:** | | | | | | | | | | |
| **Non-Default Interest-Only Payment Amt:** | $ 8,433.40 | $ 23,455.39 | $ 10,278.21 | $ 77,825.00 | $ 18,711.61 | [no separate loan] $ | $ 18,711.61 | $ 18,306.56 | $ 77,825.00 | $ 253,546.78 |

**Interim Budget (DLP)**
**Mar-23**

| Debtor - Account Name | 1423 Kipling | 1717 Norfolk | 2008 Colquitt | MMM | 3412 Graustark | 3414 Graustark | 400 Westmoreland | 4321 Mt Vernon | MMM2 | Totals: |
|---|---|---|---|---|---|---|---|---|---|---|
| Units | 8 | 20 | 8 | 64 | 8 | 8 | 16 | 16 | 67 | |
| **Operating Income & Expense** | | | | | | | | | | |
|   INCOME | | | | | | | | | | |
|     RENTAL INCOME | | | | | | | | | | |
|       Rental Income | $ 10,755.00 | $ 10,780.00 | $ 12,349.00 | $ 59,090.00 | $ 12,120.00 | $ 12,110.00 | $ 18,733.00 | $ 21,260.00 | $ 50,135.00 | $ 207,332.00 |
|       Less Vacancy- | $ (860.40) | $ (862.40) | $ (987.92) | $ (4,727.20) | $ (969.60) | $ (968.80) | $ (1,498.64) | $ (1,700.80) | $ (4,010.80) | $ (16,586.56) |
|       Utility Reimbursement | $ 428.00 | $ 549.12 | $ 436.00 | $ 1,867.00 | $ 480.00 | $ 480.00 | $ 780.00 | $ 960.00 | $ 1,602.00 | $ 7,582.12 |
|     **Total Operating Income** | $ 10,322.60 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 11,630.40 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 198,327.56 |
|   EXPENSES | | | | | | | | | | |
|     Repairs & Maintenance | | | | | | | | | | |
|       Materials/Supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 450.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 600.00 | $ 2,100.00 |
|       Plumbing Service Calls | $ - | $ - | $ - | $ 465.00 | $ - | $ - | $ - | $ - | $ 1,200.00 | $ 1,665.00 |
|       Building Repair | $ 100.00 | $ 100.00 | $ 100.00 | $ 300.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 400.00 | $ 1,400.00 |
|       Pool Maintenance | $ - | $ - | $ - | $ 438.42 | $ - | $ - | $ - | $ - | $ 454.66 | $ 893.08 |
|       Landscaping | $ 152.00 | $ 324.00 | $ 173.00 | $ 671.00 | $ 86.50 | $ 86.50 | $ 173.00 | $ 173.00 | $ 844.00 | $ 2,683.00 |
|       Pest Control | $ 64.95 | $ 64.95 | $ 64.95 | $ 643.73 | $ 210.73 | $ 210.73 | $ 210.73 | $ 232.36 | $ 994.50 | $ 2,697.63 |
|       Make Ready | $ - | $ - | $ - | $ 1,000.00 | $ - | $ - | $ 250.00 | $ - | $ 1,000.00 | $ 2,000.00 |
|     **Total Repairs & Maintenance** | $ 466.95 | $ 638.95 | $ 487.95 | $ 3,968.15 | $ 547.23 | $ 547.23 | $ 883.73 | $ 655.36 | $ 5,493.16 | $ 13,438.71 |
|     Operating Expenses | | | | | | | | | | |
|       Water | $ 214.10 | $ 939.07 | $ 186.00 | $ 2,231.87 | $ 248.00 | $ 276.00 | $ 382.00 | $ 434.00 | $ 2,648.28 | $ 7,559.32 |
|       Electricity | $ 51.92 | $ 918.00 | $ 101.00 | $ 1,167.57 | $ 216.07 | $ 117.87 | $ 142.13 | $ 190.00 | $ 1,366.40 | $ 4,270.96 |
|       Gas | $ 85.07 | $ 152.07 | $ 153.12 | $ 405.25 | $ 93.24 | $ 80.90 | $ 280.19 | $ 118.72 | $ 782.69 | $ 2,151.25 |
|       Trash Disposal | $ 96.82 | $ 231.47 | $ 96.82 | $ 478.11 | $ 193.64 | $ 145.98 | $ 164.15 | $ 164.15 | $ - | $ 1,571.14 |
|       Appliance Rental/Fees | $ 95.35 | $ 470.88 | $ - | $ - | $ - | $ 578.06 | $ 578.06 | $ 1,127.57 | $ - | $ 2,849.92 |
|       Agent Commissions | $ - | $ - | $ 500.00 | $ 500.00 | $ - | $ 250.00 | $ 500.00 | $ - | $ 250.00 | $ 2,000.00 |
|       Advertising | $ 49.41 | $ 49.41 | $ 49.41 | $ 198.23 | $ 49.41 | $ 49.41 | $ 99.41 | $ 49.41 | $ 247.64 | $ 841.74 |
|       Leasing Software/Licenses/Fees | $ 174.14 | $ 174.14 | $ 174.14 | $ 522.42 | $ 174.14 | $ 174.14 | $ 174.14 | $ 174.14 | $ 696.56 | $ 2,437.96 |
|       Management Fees | $ 537.75 | $ 539.00 | $ 617.45 | $ 2,954.50 | $ 606.00 | $ 605.50 | $ 936.65 | $ 1,063.00 | $ 2,506.75 | $ 10,366.60 |
|       Payroll | $ 1,531.84 | $ 3,829.61 | $ 1,531.84 | $ 12,254.76 | $ 1,531.84 | $ 1,531.84 | $ 3,063.69 | $ 3,063.69 | $ 12,829.20 | $ 41,168.33 |
|       Maintenance Fees | $ 352.00 | $ 880.00 | $ 352.00 | $ 2,816.00 | $ 352.00 | $ 352.00 | $ 704.00 | $ 704.00 | $ 2,948.00 | $ 9,460.00 |
|       Property Taxes | $ 891.87 | $ - | $ 1,211.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,103.28 |
|       Insurance | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 590.10 | $ 590.10 | $ 1,180.19 | $ 1,180.19 | $ 7,197.05 | $ 15,458.39 |
|       Contingency | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 5,500.00 |
|       Interest Expense- DLP | $ 3,500.00 | $ 3,500.00 | $ 7,000.00 | $ 25,000.00 | $ 7,000.00 | $ 3,500.00 | $ 7,000.00 | $ 7,000.00 | $ 25,000.00 | $ 88,500.00 |
|       Interest Expense- DLP (additional) | $ 372.09 | $ 930.23 | $ 372.09 | $ 2,976.74 | $ 372.09 | $ 372.09 | $ 744.19 | $ 744.19 | $ 3,116.28 | $ 10,000.00 |
|     **Total Operating Expenses** | $ 9,632.56 | $ 14,294.07 | $ 14,025.48 | $ 53,685.64 | $ 12,504.60 | $ 9,123.90 | $ 16,998.31 | $ 15,385.49 | $ 60,588.85 | $ 206,238.89 |
|   **Total EXPENSES** | $ 10,099.51 | $ 14,933.02 | $ 14,513.43 | $ 57,653.79 | $ 13,051.83 | $ 9,671.13 | $ 17,882.04 | $ 16,040.85 | $ 66,082.01 | $ 219,677.60 |
| | | | | | | | | | | |
| **Total Income** | $ 10,322.60 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 11,630.40 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 198,327.56 |
| **Total Expense** | $ 10,099.51 | $ 14,933.02 | $ 14,513.43 | $ 57,653.79 | $ 13,051.83 | $ 9,671.13 | $ 17,882.04 | $ 16,040.85 | $ 66,082.01 | $ 219,677.60 |
| | | | | | | | | | | |
| **Net Operating Income** | $ 223.09 | $ (4,466.30) | $ (2,716.35) | $ (1,423.99) | $ (1,421.43) | $ 1,950.07 | $ 132.32 | $ 4,478.35 | $ (18,355.81) | $ (21,350.04) |
| | | | | | | | | | | |
| **For Reference Only:** | | | | | | | | | | |
| **Non-Default Interest-Only Payment Amt:** | $ 8,433.40 | $ 23,455.39 | $ 10,278.21 | $ 77,825.00 | $ 18,711.61 | [no separate loan] $ | $ 18,711.61 | $ 18,306.56 | $ 77,825.00 | $ 253,546.78 |

**Interim Budget (DLP)**

**Apr-23**

| Debtor - Account Name | 1423 Kipling | 1717 Norfolk | 2008 Colquitt | MMM | 3412 Graustark | 3414 Graustark | 400 Westmoreland | 4321 Mt Vernon | MMM2 | Totals: |
|---|---|---|---|---|---|---|---|---|---|---|
| Units | 8 | 20 | 8 | 64 | 8 | 8 | 16 | 16 | 67 | |
| **Operating Income & Expense** | | | | | | | | | | |
|   INCOME | | | | | | | | | | |
|     RENTAL INCOME | | | | | | | | | | |
|       Rental Income | $ 10,755.00 | $ 10,780.00 | $ 12,349.00 | $ 59,090.00 | $ 12,120.00 | $ 12,110.00 | $ 18,733.00 | $ 21,260.00 | $ 50,135.00 | $ 207,332.00 |
|       Less Vacancy- | $ (860.40) | $ (862.40) | $ (987.92) | $ (4,727.20) | $ (969.60) | $ (968.80) | $ (1,498.64) | $ (1,700.80) | $ (4,010.80) | $ (16,586.56) |
|       Utility Reimbursement | $ 428.00 | $ 549.12 | $ 436.00 | $ 1,867.00 | $ 480.00 | $ 480.00 | $ 780.00 | $ 960.00 | $ 1,602.00 | $ 7,582.12 |
|     **Total Operating Income** | $ 10,322.60 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 11,630.40 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 198,327.56 |
|   EXPENSES | | | | | | | | | | |
|     Repairs & Maintenance | | | | | | | | | | |
|       Materials/Supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 450.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 600.00 | $ 2,100.00 |
|       Plumbing Service Calls | $ - | $ - | $ - | $ 465.00 | $ - | $ - | $ - | $ - | $ 1,200.00 | $ 1,665.00 |
|       Building Repair | $ 100.00 | $ 100.00 | $ 100.00 | $ 300.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 400.00 | $ 1,400.00 |
|       Pool Maintenance | $ - | $ - | $ - | $ 438.42 | $ - | $ - | $ - | $ - | $ 454.66 | $ 893.08 |
|       Landscaping | $ 152.00 | $ 324.00 | $ 173.00 | $ 671.00 | $ 86.50 | $ 86.50 | $ 173.00 | $ 173.00 | $ 844.00 | $ 2,683.00 |
|       Pest Control | $ 210.73 | $ 210.73 | $ 210.73 | $ 783.00 | $ 210.73 | $ 210.73 | $ 210.73 | $ 232.36 | $ 994.50 | $ 3,274.24 |
|       Make Ready | $ 500.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ - | $ - | $ 250.00 | $ 250.00 | $ 1,250.00 | $ 3,000.00 |
|     **Total Repairs & Maintenance** | $ 1,112.73 | $ 1,034.73 | $ 883.73 | $ 3,357.42 | $ 547.23 | $ 547.23 | $ 883.73 | $ 905.36 | $ 5,743.16 | $ 15,015.32 |
|     Operating Expenses | | | | | | | | | | |
|       Water | $ 214.10 | $ 939.07 | $ 186.00 | $ 2,231.87 | $ 248.00 | $ 276.00 | $ 382.00 | $ 434.00 | $ 2,648.28 | $ 7,559.32 |
|       Electricity | $ 51.92 | $ 918.00 | $ 101.00 | $ 1,167.57 | $ 216.07 | $ 117.87 | $ 142.13 | $ 190.00 | $ 1,366.40 | $ 4,270.96 |
|       Gas | $ 85.07 | $ 152.74 | $ 153.12 | $ 405.25 | $ 93.24 | $ 80.90 | $ 280.19 | $ 118.72 | $ 782.69 | $ 2,151.25 |
|       Trash Disposal | $ 96.82 | $ 231.47 | $ 96.82 | $ 478.11 | $ 193.64 | $ 145.98 | $ 164.15 | $ 164.15 | $ - | $ 1,571.14 |
|       Appliance Rental/Fees | $ 95.35 | $ 470.88 | $ - | $ - | $ 578.06 | $ 578.06 | $ 1,127.57 | $ - | $ - | $ 2,849.92 |
|       Agent Commissions | $ - | $ - | $ 500.00 | $ 500.00 | $ - | $ 250.00 | $ 500.00 | $ - | $ 250.00 | $ 2,000.00 |
|       Advertising | $ 99.41 | $ 99.41 | $ 99.41 | $ 198.23 | $ 49.41 | $ 49.41 | $ 99.41 | $ 99.41 | $ 247.64 | $ 1,041.74 |
|       Leasing Software/Licenses/Fees | $ 174.14 | $ 174.14 | $ 174.14 | $ 522.42 | $ 174.14 | $ 174.14 | $ 174.14 | $ 174.14 | $ 696.56 | $ 2,437.96 |
|       Management Fees | $ 537.75 | $ 539.00 | $ 617.45 | $ 2,954.50 | $ 606.00 | $ 605.50 | $ 936.65 | $ 1,063.00 | $ 2,506.75 | $ 10,366.60 |
|       Payroll | $ 1,531.84 | $ 3,829.61 | $ 1,531.84 | $ 12,254.76 | $ 1,531.84 | $ 1,531.84 | $ 3,063.69 | $ 3,063.69 | $ 12,829.20 | $ 41,168.33 |
|       Maintenance Fees | $ 352.00 | $ 880.00 | $ 352.00 | $ 2,816.00 | $ 352.00 | $ 352.00 | $ 704.00 | $ 704.00 | $ 2,948.00 | $ 9,460.00 |
|       Property Taxes | $ 891.87 | $ - | $ 1,211.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,103.28 |
|       Insurance | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 1,180.19 | $ 590.10 | $ 590.10 | $ 1,180.19 | $ 1,180.19 | $ 7,197.05 | $ 15,458.39 |
|       Contingency | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,000.00 | $ 5,500.00 |
|       Interest Expense- DLP | $ 3,500.00 | $ 3,500.00 | $ 7,000.00 | $ 25,000.00 | $ 7,000.00 | $ 3,500.00 | $ 7,000.00 | $ 7,000.00 | $ 25,000.00 | $ 88,500.00 |
|       Interest Expense- DLP (additional) | $ 372.09 | $ 930.23 | $ 372.09 | $ 2,976.74 | $ 372.09 | $ 372.09 | $ 744.19 | $ 744.19 | $ 3,116.28 | $ 10,000.00 |
|     **Total Operating Expenses** | $ 9,682.56 | $ 14,344.07 | $ 14,075.48 | $ 53,685.64 | $ 12,504.60 | $ 9,123.90 | $ 16,998.31 | $ 15,435.49 | $ 60,588.85 | $ 206,438.89 |
|   **Total EXPENSES** | $ 10,795.29 | $ 15,378.80 | $ 14,959.21 | $ 57,043.06 | $ 13,051.83 | $ 9,671.13 | $ 17,882.04 | $ 16,340.85 | $ 66,332.01 | $ 221,454.21 |
| | | | | | | | | | | |
| **Total Income** | $ 10,322.60 | $ 10,466.72 | $ 11,797.08 | $ 56,229.80 | $ 11,630.40 | $ 11,621.20 | $ 18,014.36 | $ 20,519.20 | $ 47,726.20 | $ 198,327.56 |
| **Total Expense** | $ 10,795.29 | $ 15,378.80 | $ 14,959.21 | $ 57,043.06 | $ 13,051.83 | $ 9,671.13 | $ 17,882.04 | $ 16,340.85 | $ 66,332.01 | $ 221,454.21 |
| **Net Operating Income** | $ (472.69) | $ (4,912.08) | $ (3,162.13) | $ (813.26) | $ (1,421.43) | $ 1,950.07 | $ 132.32 | $ 4,178.35 | $ (18,605.81) | $ (23,126.65) |
| **For Reference Only:** | | | | | | | | | | |
| **Non-Default Interest-Only Payment Amt:** | 8433.40 | 23455.39 | 10278.21 | 77825.00 | 18711.61 | [no separate loan] | 18711.61 | 18306.56 | 77825.00 | 253546.78 |