IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Montrose Multifamily Members, LLC | § § | CASE NO. 22-90323 |
| *Debtor* | § § § | CHAPTER 13 (jointly administered) |

**FAIRVIEW INVESTMENT FUND III, LP'S SECOND AMENDED
MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO
RE-RECORD LIEN ON REAL PROPERTY AND MOTION FOR LEAVE
TO AMEND PROOF OF CLAIM [NO. 5] AFTER FEB 8, 2023 BAR DATE**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MOTION FOR LEAVE TO AMEND A PROOF OF CLAIM. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. A HEARING WILL BE CONDUCTED ON THIS MATTER **ON MARCH 29, 2023** AT 10:00 A.M. IN COURTROOM 400, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING

Fairview Investment Fund III, LP ("Fairview" or the "Movant"), a creditor and party in interest in this Chapter 13 case, hereby moves for entry of the Order Terminating the Automatic Stay as against Debtor Montrose Multifamily Members, LLC to allow Fairview to re-record its Second Lien Deed of Trust against Debtor's properties (also asking the court for leave to amend its proof of claim) and would respectfully show as follows:

## INTRODUCTION

The material facts are not in dispute. Debtor Montrose Multifamily Members, LLC ("MMM") received a loan and owes Fairview approximately $450,000.00 pursuant to a secured Promissory Note and Pledge Collateral Agreement dated July 12, 2021. Further, the debt was secured by an executed Second Lien Deed of Trust (the "DOT") pledging several parcels of real estate owned by the Debtor (the "Properties"). The DOT was recorded, however, in October 2022, Fairview agreed to temporarily release its lien in settlement of a lawsuit brought by Debtor the day before Fairview was set to foreclose on the Properties. The terms of the settlement agreement that settled the lawsuit to stave-off foreclosure (the "Settlement Agreement") expressly allowed Fairview to "re-record its lien after December 9, 2022 in the event Fairview's loan was not paid back". However, the automatic stay provisions presently prevent such an action. In equity, Fairview now respectfully asks the court to allow it to re-record its July 2021 lien.

Fairview also hereby asks the Court for leave to amend its Proof of Claim (Claim No. 5) in the event that this motion to lift stay is granted amending its Proof of Claim to reflect that the claim is secured by both a Collateral Pledge Agreement and a Deed of Trust.

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

§§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted pursuant to 11 U.S.C. §§ 362(d).

## CONSITUTIONAL AUTHORITY

2. This Court has constitutional authority to enter a final order regarding relief from the automatic stay. 11 U.S.C. § 362 has no state law equivalent. Accordingly, the U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, matters related to the automatic stay imposed under § 362 of the Bankruptcy Code are essential bankruptcy matters which trigger the "public rights" exception. *See Id.* The automatic stay is established by an express provision of the Bankruptcy Code and is central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code. Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

## RELEVANT FACTUAL BACKGROUND

3. In July 2021, Fairview loaned the Debtor $416,907.66 in order to assist Debtor in closing a global refinance of its various properties.

4. To secure the loan, on July 12, 2021, Debtor executed a Promissory Note (the "Note"), Deed of Trust, a Collateral Pledge Agreement and several Personal

Guarantees by other companies controlled by Mr. Bran (collectively the "Loan Documents"). ***See attached Exhibit "A".***

5. In order to assist Debtor with liquidity issues, no payments were due to Fairview during the term of the Note; however, the Note matured and was due in full on July 12, 2022.

6. When there was no payoff from the Debtor, on September 9, 2022, Fairview accelerated the debt and posted the Property for foreclosure. ***See attached Exhibit "B".***

7. In order to stave-off foreclosure, the day before the foreclosure sale, the Debtor filed suit in Cause No.: 2022-63447m styled *Sul Ross Members, LLC and Montrose Multifamily Members, LLC v. Fairview Investment Fund, III, LP;* in the 295th Judicial District Court of Harris County, Texas alleging Fairview "breached the Loan Documents" and "would be unjustly enriched if the foreclosure were to take place" (the "Lawsuit").[1]

5. On October 4 2022, Debtor filed its petition under Chapter 13 of the Bankruptcy Code (the "Petition").

6. On the day of the Temporary Injunction hearing, the parties settled the Lawsuit. Fairview agreed to temporarily release its lien in order to again assist Debtor in seeking refinancing (and get Fairview paid off), but Fairview required that the

---

[1] Much to Fairview's surprise, an Ex Parte TRO was entered temporarily enjoining Fairview from foreclosing its lien. Of note, the TRO was entered by the ancillary court before Fairview ever had the opportunity to be heard on the issue.

Settlement Agreement provided Fairview with the following important protection in the event its loan was not paid off:

> (a) Fairview will not attempt foreclosure on either the MMM Properties or the Sul Ross Property or attempt to exercise any other default rights under the Note or SLDOT until after December 9, 2022.

*See Settlement Agreement attached as Exhibit "C".*

### REQUESTED RELIEF

12. This motion requests an order from the Bankruptcy Court authorizing Movant to re-record its lien against the Debtor's properties and give Fairview the benefit of its bargain it negotiated and relied upon when settling the Lawsuit.

13. Relief from stay is governed by 11 U.S.C. §362(d) which reads, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;

**A. Cause Exists to Lift the Automatic Stay and the Balance of Hardships Favors Granting Fairview Relief from the Automatic Stay**

14. The automatic stay under Section 362(d) of the Bankruptcy Code is a dramatic infringement on the otherwise existing state-law rights and remedies of a secured creditor. In exchange for preventing a secured creditor from exercising their rights, the Bankruptcy Code requires adequate protection be provided in exchange

for the use of a secured creditor's collateral. *See* 11 U.S.C. §§ 361, 363. In fact, the language of Section 363 of the Bankruptcy Code explicitly references adequate protection requirements. See 11 U.S.C. § 363(e) (…the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.). This adequate protection requirement exists because the automatic stay is otherwise depriving the secured creditor of their property for the benefit of the bankruptcy estate.

15. The automatic stay is not absolute. Section 362(d) of the Bankruptcy Code provides that this Court may modify the automatic stay under a variety of circumstances. Among these is where "cause" exists. 11 U.S.C. § 362(d)(1). What constitutes "cause" to modify the stay is not defined in the Bankruptcy Code. *In re JCP Props.,* 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015). Section 362(d)(1) of the Bankruptcy Code provides a mechanism for creditors to seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1); *In re Baytown Nav., Inc.*, 2012 WL 1123047, at *2 (S.D. Tex. April 3, 2012). "[T]his lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.),* 440 F.3d 238, 253 (5th Cir. 2006), and bankruptcy courts therefore "must determine whether cause existed on a case-by-case basis." *Reitnauer v. Tex. Exotic Feline Found. (In re Reitnauer),* 152 F.3d 341, 343 n.4 (5th Cir. 1998); *See In re Mirant Corp.* at 251-52 ("[T]he bankruptcy court's discretion to grant a

modification or lift of the stay is broad").

16. Therefore, courts must balance the hardships of all the parties involved, weighing the degree of hardship to each party in light of the goals of the Bankruptcy Code. *In re 1776 Amer. Props. IV, LLC*, at *2 (S.D. Tex. May 10, 2017) (citing *In re Northtown Mall Assocs.,* 1993 WL 346867, at *4 (5th Cir. 1993) (unpublished table decision)). Cause exists when failure to lift the stay harms the creditor and will not <u>unjustly</u> harm the debtor. *Id*.

17. This Court has recognized that the [f]actors generally looked to in determining whether to modify the stay for cause include interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay. None of these factors alone is outcome determinative. The factors in [any] case must be weighed within the context of all the relevant circumstances. Courts must weigh the costs and benefits of maintaining the stay. *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (quoting *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013)). See also *In re Kowalsky*, 235 B.R. 590, 596 (Bankr. E.D. Tex. 1999) (holding that one factor to consider is the debtors' prospect of a successful reorganization).

18. Other courts in this circuit have also stated a debtor's "failure to make payments" on a debt also constitutes cause for granting a motion for relief from the stay. *Marable v. Bank of N.Y. Mellon*, 557 B.R. 521, 528 (E.D. Tex. 2016 (citing *In*

*re Hernandez,* 2011 WL 2515980, at *3"); See also *In re Ramos,* 540 B.R. 580, 594 (Bankr. N.D.Tex. 2015) ("[T]he court acknowledges that many cases come before it in which a debtor has missed post-petition mortgage payments and is confronted with a motion to lift stay from his or her mortgage lender at some point midway through her Chapter 13 plan. The stay is often lifted. The mortgage lender forecloses.") (emphasis omitted).

19. Courts in this circuit have found "cause" for the failure to provide adequate protection. In the *Mantachie Apartment Homes* case, a secured creditor held security interests in the debtors' real estate. *In re Mantachie Apartment Homes, LLC*, 488 B.R. 325, 332 (Bankr. N.D. Miss. 2013). After the debtors filed for Chapter 11 protection, the secured creditor sought relief from the stay to foreclose on the property, arguing in part, that the secured creditor's interests in the debtors' collateral were not being adequately because the Debtors have no cash flow or other available sources of income to either sustain a plan of reorganization or make adequate protection payments. *Id*. at 329. The bankruptcy court found for the secured creditor, which the district court heard on appeal. The district court agreed with the bankruptcy court, holding that lack of adequate protection of an interest in property constitutes "cause" to lift the automatic stay. *Id*. at 332. The district court even emphasized the Debtors' inability to provide adequate protection going forward in granting the relief from the automatic stay. *Id*. ("[T]he stay is due to be lifted for cause, due to the lack of adequate protection of Renasant's interest in the Debtors'

property, and the Debtors' inability to provide such adequate protection going forward.") [2]

20.     Here, cause exists to lift the automatic stay. **Fairview has never received a single payment – and in good faith when settling the Lawsuit, agreed to temporarily forego foreclosure and temporarily release its lien.** In exchange for Fairview's promise, Debtor agreed to allow Fairview to re-record its lien and resume collection efforts "after December 9, 2022". *See Settlement Agreement, Section 2 "Consideration", Exhibit C at Page 3.*

21.     In this situation, the balance of hardships clearly favors lifting the automatic stay because Fairview is being deprived of the benefit of its bargain and will be significantly harmed if its lien is essentially deemed worthless.

22.     Fairview is entitled to re-record its lien to protect its collateral and pursue repayment in full of the Loan as part of any successful chapter 13 process. However, without the ability to re-record its lien and potentially seek permission from this court to foreclose upon the Real Property Collateral to satisfy the debt, there is a legitimate risk that, if related to the inferior position as an unsecured

---

[2] Other courts in this circuit have also similarly granted relief from stay to foreclose on real property of a debtor for cause. See *Marable v. Bank of N.Y. Mellon,* 557 B.R. 521, 528 (E.D. Tex. 2016) (holding that bankruptcy court had not abused its discretion by lifting automatic stay for cause to allow secured creditor to foreclose on real property where the debtor failed to make post-petition payments on account of the debt); *In re FRE Real Estate, Inc.*, 450 B.R. 619, 629 (Bankr. N.D. Tex. 2011) (ordering termination of automatic stay to allow secured creditor to foreclose upon real property collateral unless former owner of debtor deposited full value of collateral in the court's registry); *In re JCP Props., Ltd.,* 540 B.R. 596, 619 (Bankr. S.D. Tex. 2015) (in a chapte 22 setting, finding sufficient basis to lift automatic stay and allowing secured creditors to continue with an already in-process foreclose upon real property).

creditor, Fairview could end up receiving nothing from Debtor despite its secured loan – and settlement agreement with the Debtor that it could re-record.

**B. If the Motion for Relief from Stay is Granted, the Court Should Grant Fairview Leave to Amend its Proof of Claim [Claim No. 5] to Reflect the Additional Basis of Perfection**

In the event the Court grants Movant's motion for relief from stay in order to re-record its Deed of Trust, because the February 8, 2023 Claim Bar Date will have passed by the time this motion is heard, Movant also herein respectfully requests leave to amend its Proof of Claim to reflect the additional basis of "perfection". *See In re Best Refrigerated Express, Inc.,* 192 B.R. 503, 506 (Bankr.D.Neb.1996) (applying Rule 7015 through Rule 9014 to allow amendment to a filed proof of claim if it clearly "relates back"); *In re Brown,* 159 B.R. 710, 714 (Bankr.D.N.J.1993) (noting that Rule 15's "standards for allowing amendments to pleadings in adversary proceedings ... also apply to amendments to a proof of claim"). At present, Fairview's Proof of Claim states that the only basis for perfection is Part 1, Section 9 is the Collateral Pledge Agreement. If Fairview is allowed to re-record its Deed of Trust under the terms of the Settlement Agreement, it will be an additional basis of perfection.

Even if Bankruptcy Rule 7015 is reserved solely for adversarial proceedings, a number of courts have determined that proof of claim amendments is available under the court's equitable powers under 11 U.S.C. § 105(a). *See United States v. Johnston*, 267 B.R. 717, 721 (N.D.Tex.2001); see also *In re Eden*, 141 B.R. 121, 123–24

(Bankr.W.D.Tex.1992) (recognizing that "many bankruptcy courts—for equitable reasons—do permit amendments to proofs of claim, even past the bar date").

The Seventh Circuit explained that "[Bankruptcy] Rule 7015 is not ... the only possible authority for amendment. Another possible basis is the bankruptcy court's broad equitable jurisdiction." *In re Unroe,* 937 F.2d 346, 349 (7th Cir.1991). The District Court for the Northern District of Texas also determined that a bankruptcy court has authority to regulate amendments under its equitable powers pursuant to 11 U.S.C. § 105(a). *Johnston*, 267 B.R. at 721 (concluding that "the [bankruptcy] court's power to prevent abuse of process includes bending the time requirements ... to permit amendments" (internal marks omitted)). It's equitable for Fairview to be allowed to amend its timely filed claim to add the additional basis for perfection.

## CONCLUSION

Wherefore, Fairview Investment Fund III, LP respectfully requests that the Court enter the Order Terminating the Automatic Stay allowing for Fairview to re-record its Deed of Trust lien on the Property, leave to then amend its Proof of Claim [Claim No. 5] and for all other relief Movant may be entitled.

**DATED:    February 3, 2023**

Respectfully submitted,

**THE KRAUS LAW FIRM**

*/S/ Jason D. Kraus*
Jason D. Kraus
19500 SH 249, Ste. 350
Houston, Texas 77070
Tel:   281.781.8677
Fax:   281.840.5611
Email:jdk@krausattorneys.com



COUNSEL FOR CREDITOR
FAIRVIEW INVESTMENT FUND
III, LP

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that prior to filing this motion, on January 31, 2023 he attempted to confer with Debtor's counsel via email regarding the relief requested. Debtor's counsel did not return the email, so Movant presume Debtor is opposed to the motion and relief requested.

*/s/ Jason D. Kraus*
Jason D. Kraus

**CERTIFICATE OF SERVICE**

This is to certify that pursuant to Bankruptcy Local Rule 4001(a), on February 27, 2023, I caused a true and correct copy of the foregoing Motion for Relief from the Automatic Stay to be served upon the Debtor's Counsel and the U.S. Trustee via the Court's ECF system.

*/s/Jason D. Kraus*
Jason D. Kraus