IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] | ) | Case No. 22-90323 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.* | ) | |
| Plaintiffs, | ) | |
| | ) | Adv. No. 22-9_____ |
| v. | ) | |
| | ) | |
| Centerpoint Energy, Inc. | ) | |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, TURNOVER PURSUANT TO 11 U.S.C. §§ 542 AND 543, AND APPLICATION FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**

Montrose Multifamily Members, LLC ("MMM") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") by and through their undersigned proposed counsel, hereby file this Complaint (the "Complaint") against Centerpoint Energy, Inc. ("Defendant"), and would show the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

## PARTIES AND JURISDICTION

1. On October 4, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Plaintiffs are properly parties to this Complaint as result of their bankruptcy filings.

2. Defendant is a corporation and can be served through its registered agent CT Corporation System 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

3. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A)-(B) and (G).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 105, 362, 542, 547, 549 and 550.

## SUMMARY OF THE PLAINTIFFS' COMPLAINT

Plaintiffs seek the immediate reconnection of Defendant's utility services at 1423 Kipling Street, Houston, Texas, 77006, and a finding that Defendant is in contempt of this Court's order prohibiting the disconnection of services.

## STATEMENT OF RELEVANT FACTS

6. The Plaintiffs collectively own and manage 14 multifamily apartment complexes in the Montrose neighborhood of Houston, Texas (individually the "Apartment Complex" and collectively, the "Apartment Complexes"). The Apartment Complexes have a total of 215 units, a majority of these units being leased to families. A detailed description of the Debtors and their businesses, and the facts and circumstance supporting the Chapter 11 Cases are set forth in greater detail in the *Declaration of Christopher Bran, Manager of Bran Enterprises, LLC, Managing Partner of MMM, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day

Declaration") [Dkt. No. 15]. The Plaintiffs rely upon and incorporate by reference the First Day Declaration.

7.  On October 13, 2022, the Plaintiffs filed their *Emergency Motion for Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance* (the "Utility Motion") [Docket No. 18]. The Bankruptcy Court conducted a hearing on October 18, 2022, on the Utility Motion and entered an order granting the Utility Motion (the "Utility Order") [Docket No. 33]. The Utility Order was served via U.S. First Class Mail to Defendant October 19, 2022.

8.  The Utility Order clearly provided a mechanism for which utility providers could seek recourse against the Plaintiffs or request additional security or payment:

> 6.  If any Utility is unsatisfied with the Debtors' proposed adequate assurance or seek to discontinue or terminate service, it must (i) file a motion with the Bankruptcy Court specifically setting forth the basis for the request and (ii) set such motion no earlier than 30 days after the filing of the motion. The Debtors may, without further order from the Court, resolve any adequate assurance request by mutual agreement with a Utility, and the Debtors may, in connection with any such agreement, provide a Utility with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases and the U.S. Trustee upon demand.

9.  On or about January 20, 2023, Plaintiffs received an automated voice message regarding potential disconnection to the Apartment Complexes and Defendant's intention to close Plaintiffs' prepetition accounts to new post-petition gas accounts. On January 20, 2023, counsel for Plaintiffs contacted a representative of the Defendant regarding the potential violation of the Utility Order and possible sanctions for circumventing the procedures outlined in the Utility Order. After communicating with several representatives of the Defendant, Plaintiffs were under the

impression any further attempts to disconnect subsided and Plaintiffs' accounts with Defendant were in order.

10. On March 8, 2023, services at the service address, 1423 Kipling Street, Houston, Texas, 77006, were terminated. Through the date of this Complaint, Defendant refuses to reconnect services unless Plaintiffs pay a reconnection fee and late fee.

## APPLICATION FOR INJUNCTIVE RELIEF

11. Bankruptcy Courts have authority to issue injunctive relief pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, making Federal Rule of Civil Procedure 65 applicable in adversary proceedings. *See* 11 U.S.C. Section 105; Fed. R. Bankr. P. 7065. A party is entitled to a preliminary injunction when there is (i) a substantial likelihood of success on the merits; (ii) a substantial threat that the party will suffer irreparable injury if the injunction is not issued; (iii) the threatened injury to the party outweighs any damage the injunction might cause the opponent; and (iv) the injunction will not disserve the public interests. *Daniels Health Sciences, LLC v. Vascular Health Sciences, LLC,* 710 F.3d 579, 582 (5th Cir. 2013); *Pipkin v. JVM Operating, LC,* 197 B.R. 47, 55 (Bankr. E.D. Tex. 1996). Pursuant to Section 105 and the Rule 7065 of the Federal Bankruptcy Procedure, Plaintiff seeks a preliminary injunction preventing Defendant from exerting control over Plaintiffs' property; specifically, Plaintiffs requires immediate relief to enjoin Defendant from attempting disconnect service to Plaintiff's remaining Apartment Complexes. Without such relief, Plaintiffs will suffer immediate and irreparable injury, loss, or damage before the Defendant can be heard in opposition. *See* Fed. R. Civ. P. 65, applicable to this proceeding through Fed. R. Bankr. P. 7065. Attached as **Exhibit 3** is the unsworn affidavit under 28 USC § 1746 by Christopher Bran on behalf of the Plaintiffs.

A. **Plaintiffs will suffer irreparable injury without injunctive relief.**

12. A party is likely to suffer irreparable harm where there is no adequate remedy at law for the harm. *Daniels*, 710 F.3D at 585. Financial harm rises to the level of irreparable harm "where the potential economic loss is so great as to threaten the existence of the movant's business." *Atwood Turkey Drilling, Inc. v. Petroleo Brasileiro, S.A.,* 875 F.2d. 1174, 1179 (5th Cir. 1989). Plaintiffs will be irreparably harmed should Defendant go unchecked and continue to willfully violate this Court's Utility Order.

### B. Balance of Hardship Favors Injunctive Relief.

13. The issuance of a temporary injunction merely protects the Plaintiffs' property and will prevent further harm to the Plaintiffs. *See, In re FiberTower Network Servs. Corp.,* 482 B.R. 169 (Bankr. N.D. Tex. 2012). Defendant will not suffer as much financial harm should this Court implement temporary and permanent injunction relief whereas Plaintiff will be irreparably harmed.

### C. Public Interest Favors Granting Injunctive Relief.

14. Granting Plaintiffs temporary and permanent injunctive relief serves the public interests as Courts generally find that injunctions facilitating reorganizations serve the public interests. *In re FiberTown*, 482 B.R. at 189. Injunctive relief serves the public interest where the debtor's chance for a successful reorganization is jeopardized. *Id.* at 190. Plaintiffs seek injunctive relief to prohibit the termination of services at the Plaintiffs' remaining Apartment Complexes.

### D. Immediate Relief is Necessary.

15. Plaintiffs require immediate relief as they have been irreparably harmed from Defendant's disconnection. Plaintiffs requires immediate relief in order to prevent Defendant from committing further harm upon the Plaintiffs.

### E. Plaintiff Meets the Requirements for a Permanent Injunction.

16. A plaintiff seeking a permanent injunction must demonstrate that (i) it has suffered an irreparable injury; (ii) the remedies at law, such as monetary damages, are inadequate to compensate for that injury; (iii) considering the hardships between the parties, a remedy in equity is warranted; and (iv) the public interest will not be disserved by a permanent injunction. *See ebay Inc. v. MercExchange,LLC,* 527 U.S. 388, 391 (2006). Little to no harm to Defendant will result from the issuance of the injunction whereas Plaintiffs will be substantially harmed without an injunction to protect property of the estate. Lastly, remedies at law are inadequate for the injury; Plaintiffs satisfy the four factors above and this Court should issue a permanent injunction restraining Defendant from exercising control until this adversary proceeding is concluded.

### F. Waiver of Security Required under Rule 7065(c)

17. Plaintiffs request a waiver of Rule 7065(c) of the Federal Rules of Bankruptcy Procedure, incorporating Rule 65(c) of the Federal Rules of Civil Procedure, be waived. Security for the temporary restraining order is unnecessary as upon information and belief, Defendant is in possession of security deposits of the Plaintiffs. Moreover, Plaintiffs implore the Court under 11 U.S.C. Section 105 to use its discretion to waive Rule 7065(c) as Plaintiffs have limited funds.

### **WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

17. The filing of Plaintiffs' Chapter 11 petitions on October 4, 2022, operated as a stay, applicable to the Defendant pursuant to 11 U.S.C. § 362(a).

18. At the time of the filing of this Complaint, no exception to the automatic stay provision of 11 U.S.C. § 362(a) pertained to the Defendant.

19. After the filing of Plaintiffs' Chapter 11 petitions, the automatic stay was in full force and effect pursuant to 11 U.S.C. § 362(c)(1) and (2).

20. Defendant knowingly exercised control over and withheld estate property from the Estate. Such actions amount to "self-help" and violate 11 U.S.C. §§ 362(a)(3) and (a)(6). Defendant's actions were intentionally taken with full knowledge of the existence of the pending bankruptcy case. Pursuant to 11 U.S.C. § 105, the Plaintiffs are entitled to recover their actual expenses plus interest from the Petition Date and attorney's fees.

## CONTEMPT

21. The Bankruptcy Code provides broad discretion to United States Bankruptcy judges. *See* 11 U.S.C. § 105. This Court maintains the power to hold Defendant in civil and/or criminal contempt for violation of the automatic stay provision above and violation of the Utility Order. Defendant should be at least held in civil contempt for willful violation of the automatic stay provisions cited above.

## PRAYER

**WHEREFORE** Plaintiffs prays that this Court will:

1. Enforce the automatic stay provisions of 11 U.S.C. § 362(a);

2. Find that the Defendant willfully violated one or more of the automatic stay provisions of 11 U.S.C. § 362(a);

3. Direct the Defendant resume services at 1423 Kipling Street, Houston, Texas, 77006;

4. Award to Plaintiffs, and against Defendant, punitive damages, not less than three times the actual damages for this case, for willfully violating the automatic stay provisions of 11 U.S.C. § 362(a); Award to Plaintiffs, and against the Defendants, all-of-pocket expenses incurred;

5. Award to Plaintiff, and against the Defendants, any other relief or monetary damages to which they may be entitled under equity or law.

**Date: March 9, 2023**

                                            **TRAN SINGH, LLP**

By:  */s/Susan Tran Adams*
       Susan Tran Adams | TBN: 24075648
       Brendon Singh | TBN: 24075646
       2502 La Branch St
       Houston, Texas 77004
       Ph: (832) 975-7300
       Fax: (832) 975-7301
       Email: stran@ts-llp.com
               bsingh@ts-llp.com

*Counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2023, a true and correct copy of this Complaint was served unto the parties below via U.S. First Class Mail and/or facsimile and/or email:

Centerpoint Energy, Inc.
P.O. Box 4567
Houston, Texas 77210-4567

Centerpoint Energy, Inc.
c/o CT Corporation System
1999 Bryan Street, Ste 900
Dallas, Texas 75201-3136

Centerpoint Energy, Inc.
P.O. Box 1700
Houston, Texas 77251

                                            */s/Susan Tran Adams*
                                            Susan Tran Adam